UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY MARCELLE COOK**, | ) | Case No. 5:08 CV 2057 |
| | ) | |
| Petitioner, | ) | Judge Solomon Oliver, Jr. |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **MICHELE EBERLIN, WARDEN** | ) | (Regarding ECF #1) |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Anthony Marcelle Cook was convicted of burglary in July 2006 following a jury trial in the

Stark County, Ohio Common Pleas Court.  The evidence against him produced at his trial was direct.

On January 20, 2006, Tiffani Grimes' teenage son was home because school was not in session, and

after he heard a noise downstairs and someone telling the dogs to quiet, he then heard someone

outside calling for "Tink," Cook's nickname. The son went out to the hall to investigate and

encountered Cook coming upstairs. Cook fled and the son called his mother and the police. The

evidence at trial established that there was an open window to Ms. Grimes' downstairs bedroom,

$550 in cash was missing from that bedroom's dresser as well as pain medication from the

bathroom.  The son testified that he knew "Tink" as a friend of his mother's ex-boyfriend, and

"Tink" was frequently at the house until his mother and the ex-boyfriend broke up with a fight. A

police officer testified at Cook's trial that the son selected Cook's photo from an array. [1] See *State*

*v. Cook*, 2007 WL 1976663, 2007-Ohio-3513 (Ohio App. 5 Dist.).  Cook was sentenced on July 5,

---

[1] "On habeas review, the state court of appeals's findings of fact must be presumed correct, and can only be
discredited if the petitioner can show, by clear and convincing evidence, that the state court's findings were erroneous.
28 U.S.C. § 2254(e)(1)."  *Mitzel v. Tate*, 267 F.3d 524, 537 (6th Cir. 2001).

2

2006 to 5 years of incarceration followed by 3 years of post-release control. (Respondent's Ex. 2, ECF # 8-2).

Cook argued on appeal that the manifest weight of the evidence did not support conviction, but lost (no great surprise there). *Id.* Cook did not pursue his direct appeal to the Ohio Supreme Court. He did later pursue an application to reopen appeal due to ineffective assistance of appellate counsel. See *State v. Cook,* 2008 WL 2971395, 2008-Ohio-3932 (Ohio App. 5 Dist.), *motion denied*, 120 Ohio St. 3d 1422,897 N.E.2d 655, 2008-Ohio-6166 (Table). Cook has petitioned for federal habeas corpus under 28 U.S.C. §2254 for relief from  his conviction and remand to state court to quash the indictment in light of *State v. Colon*, 118 Ohio St.3d 26, 885 N.E.2d 917, 2008-Ohio-1624 (2008). [2]

*Timeliness:*

The warden contends  that Cook's petition filed with the court on August 26, 2008, bearing the date "**8-24-08**"(interpreted as August 24, 2008) when it was placed in the prison mailing system,

---

[2] *State v. Colon* announced an new rule that "When an indictment fails to charge a *mens rea* element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment." *Id.,*118 Ohio St.3d 26, 26, 885 N.E.2d 917, 2008 -Ohio- 1624 (2008)(syllabus).

3

**3** was untimely  under 28 U.S.C. §2244(d)(1)(A).[4]  The burden for this argument falls upon the warden. See  *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

The  warden  maintains  that  Cook's  conviction  became  "final"  for  purposes  of §2244(d)(1)(A) on **August 24, 2007**, one day after time to appeal expired on August 23, 2007. This part of the warden's argument is correct.  The state appellate court issued and journalized its decision for purposes of Ohio R. App. P. 22(E) on July 9, 2007 (See Respondent's Ex. 10, ECF # 8-2), so direct review concluded on Saturday August 23, 2007,with the expiration of the 45-day

---

[3]   August 24, 2008 serves as the filing date under the prison "mailbox rule"  from *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).  A  *pro se* petition is treated as filed on the date certified it was placed in the prison mailing system, which approximates the date the petition was surrendered to prison authorities for mailing. See *Miller v. Collins*, 305 F.3d 491, 497-498 & n. 8 (6th Cir. 2002).  Decisions from the Sixth Circuit have also accepted the signature date on the habeas petition as evidence when it was delivered to prison authorities. E.g., *Wampler v. Mills*, 60 Fed. Appx. 594, 596 (6th Cir. Apr. 2, 2003); *Goins v. Saunders*, 2006 WL 3334947 *1 n. 1 (6th Cir. Nov. 15, 2006).

[4] 28 U.S.C. §2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

appeal period  to file a timely appeal to the Ohio Supreme Court under Ohio S.Ct. Prac. R. II, §

2(A)(1)(a). See *Williams v. Wilson*, 149 Fed. Appx. 342 (6th Cir. 2005)(1-year period begins to run

on expiration of the 45-day period to file an appeal to the Ohio Supreme Court)*; Wilberger v.

Carter,* 35 Fed. Appx. 111, (6th Cir. Jan. 18, 2002)(same); and see *Carey v. Saffold*, 536 U.S. 214,

219-20, 122 S.Ct. 2134, 2137-38, 153 L.Ed.2d 260 (2002).  Fed. R. Civ. P. 6(a) applies in computing

time, so  "the day of the act, event, or default from which the designated period of time begins to run

shall not be included." *Bronaugh v. Ohio,*  235 F.3d 280, 285 (6th Cir. 2000). Somehow the warden

calculates that because 2008 was a leap year, Cook had until August 22, 2008 to file his habeas

petition.

    However, as illustrated in *Williams v. Wilson*, where the 45th day from  journalization of the

Ohio appellate court's opinion was February 10, 2001, "[t]he time limitation under § 2244 began

to run on February 11, 2001, and the habeas petition was due one-year from that date, February 11,

2002." *Id.*,149 Fed.Appx. at 345. Likewise, here the 45th day was August 23, 2007, so the time

limitation began to run on August 24, 2007 and the habeas petition was due one-year from that date

on Sunday, August 24, 2008. Since that date fell on a weekend, Cook had until Monday, August 25,

2008. [5] However, it is inconsequential whether the last day was August 24th or August 25th , since

---

[5]  Fed R. Civ. P. 6(a)(3) reads:

 Last Day. Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or--if the
act to be done is filing a paper in court--a day on which weather or other conditions make the clerk's
office inaccessible. When the last day is excluded, the period runs until the end of the next day that
is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

The warden argues that this aspect of Rule 6(a) serves no purpose under the prison mailbox rule since presumably Cook
could submit his petition to prison mailing system on weekends.  However, any ruling in this matter would only be *dicta*.

5

under either date the petition is timely.  Under the prison mailbox rule the petition was deemed filed on August 24, 2008, and was not untimely under §2244(d)(1)(A).

Cook argues that additional time due to tolling under §2244(d)(2) should be included while his state application to reopen appeal was pending. This point is moot as explained in the foregoing analysis- the petition is timely filed.  However, for the sake of completeness, Cook had 90 days in which to file a timely application to reopen his state appeal pursuant to Ohio R.App26(B), and his application (filed June 3, 2008, 11 months after the state appellate court's opinion), was dismissed as untimely. See *State v. Cook*, 2008 WL 2971395 (Ohio App. 5 Dist.).  An application to reopen appeal is a matter of state collateral post-conviction review. See *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005), *cert. denied,* 547 U.S. 1099 (2006); *Morgan v. Eads*, 104 Ohio St.3d 142, 818 N.E.2d 1157 (2004).   A matter of state post-conviction review must be "properly filed" under §2244(d)(2)and this includes being timely filed. See *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000); *Vroman v. Brigano,* 346 F.3d 598, 603 (6th Cir. 2003). The state courts are the arbiter of the state's time rules, so dismissal of Cook's post-conviction application to reopen appeal for untimeliness negates its inclusion for tolling under §2244(d)(2). See *Gilcreast v. Voorhies*, 2007 WL 152158 (N.D. Ohio); *Crosby v. Hudson*, 2007 WL 838062 (N.D. Ohio); *Tomlinson v. Hudson*, 2007 WL 1831135 (N.D. Ohio).

*Procedural Default of Both Counts:*

6

**GROUND ONE:**  Petitioner was denied his full panoply of constitutional rights when state failed to satisfy its burden of proof by not including the *mens rea* element of crime charged.

**GROUND TWO:**  Petitioner Received ineffective assistance of appellate counsel where a subsequent change-in-law, substantially impacted the case, is not raised for review when basis has been formulated during pendency of review.

Both grounds are based on arguments raised in Cook's Ohio R. App. P.  26(B) application to reopen appeal and  stem from the holding in *State v. Colon* (See footnote 2). The warden contends that federal habeas review of both grounds is barred by Cook's assertion of these issues in his untimely Ohio R. App. P. 26(B) application to reopen appeal. The warden is correct. The state appellate court rejected Cook's application to reopen as untimely and without good cause. See *State v. Cook*, 2008 WL 2971395 (Ohio App. 5 Dist.).  In this non-capital matter, Cook's failure to file his June 3, 2008 application to reopen within 90 days of the appellate decision without good cause to excuse the delay is an adequate and independent state rule for the state courts to deny review and forecloses federal habeas review. *Parker v. Bagley*,  543 F.3d 859, 862 (6th Cir. 2008); *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007); *Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir. 2001).

Cook first argues in response that the state appellate court did alternatively consider appellate counsel's effectiveness finding no fault in appellate counsel's lack of anticipation of a change in the law brought forth in *State v. Colon*, 118 Ohio St. 3d 26, 885 N.E.2d 917 2008-Ohio-1624 (2008) and

7

its new rule that there is a structural deficiency when the indictment fails to charge the essential element of *mens rea* for the offense. *Cook*, 2008 WL 2971395 at ¶¶ 13-16. However, the rule is that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Girts v. Yanai*, 501 F.3d 743, 753 (6th Cir. 2007) (quoting *Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (citation omitted)). When the state court alternatively rules on the merits, the claim remains procedurally defaulted and federal habeas review is barred because "a state court need not fear reaching the merits of a federal claim in an alternative holding." *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. 2003)(quoting *Harris*, 489 U.S. at 264 n. 10, 109 S.Ct. 1044 n.10)). The state court did "clearly and expressly" rely on untimeliness and lack of good cause so the alternate holding on the merits does not serve as grounds for federal reexamination of the issues.

Cook's second argument is that he has "cause and prejudice" to excuse the procedural bar. A petitioner can overcome a procedural bar by demonstrating "cause and prejudice" to excuse the deficiency. See *Rust v. Zant*, 17 F.3d 155, 160 (6th Cir. 1994); *Engle v. Isaac*, 456 U.S. 107, 113-17, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Teague v. Lane*, 489 U.S. 288, 298-99, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). "Cause" is a legitimate excuse for the default, and "prejudice" is the actual harm resulting from the alleged constitutional violation. See *Jamison v. Collins*, 291 F.3d 380, 386 (6th Cir. 2002). To establish "cause" a petitioner must present a substantial reason based on "some objective factor external to the defense ." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Rust*, 17 F.3d at 161; *Ritchie v. Eberhart*, 11 F.3d 587, 591 (6th Cir.

8

1993), *cert. denied* 510 U.S. 1135 (1994). "Petitioner has the burden of showing cause and prejudice to overcome a procedural default."  *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir.1999) (citing *Coleman*, 501 U.S. at 754, 111 S.Ct. 2546)." *Hinkle v. Randle,* 271 F.3d 239, 245 (6ᵗʰ Cir.2001); and see *Maupin v. Smith,* 785 F.2d 135, 139 (6ᵗʰ Cir.1986).

Cook contends that "cause" to excuse a procedural default is demonstrated by novelty, citing *Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984)( "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures."). Cook, though should have read further. The Supreme Court limited novelty to those situations where "this Court has articulated a constitutional principle that had not been previously recognized but which is held to have retroactive application." *Reed*, 468 U.S. at 17, 104 S.Ct. 2911. First, the underlying issue in Cook's argument based on *State v. Colon* is not a federal constitutional principle- it is the Ohio Supreme Court's interpretation of state constitutional principles, specifically Article I, Section 10 of the  Ohio Constitution. See *Colon*, 118 Ohio St.3d at 29, 885 N.E.2d at 921. [6] This is not to say that state law cannot serve as "cause" for a procedural default. However, Cook is making twofold use of his state claim. He argues first that the Ohio Supreme Court's interpretation was novel in order to achieve his second purpose of obtaining  federal review of this same claim that the indictment was structurally deficient for lack of the essential element of *mens rea*. Federal habeas

---

[6]  Granted this federal /state distinction was blurred in *Coontz v. McMackin*, 4 F.3d 993, 1993 WL 342900 (6ᵗʰ Cir. Sept. 8, 1993), which noted that the state appellate courts were divided on the interpretation of weapon operability under Ohio's firearm specification.  However, that decision's purpose was to point out that the central theme of novelty meant that the legal basis of the argument was not reasonably available, and it was reasonably available to Coontz because Ohio's courts had been grappling with the firearm operability issue at the time of his conviction. *Id.,* at *2.

9

corpus is reserved for federal constitutional claims, not allegations that state law has been violated. See *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982)("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." ); *Sanchez-Llamas v. Oregon*, 548 U.S.331, 345, 126 S.Ct. 2669, 2679, 165 L.Ed.2d 557 (2006)(same).

Second, even if this court were to consider the novelty of *State v. Colon,* the Ohio Supreme Court has very specifically stressed that this is a  new rule which has no retroactive application. See *State v. Colon (Colon II)*, 119 Ohio St. 3d 204, 893 N.E.2d 169, 2008-Ohio-3749 (2008). Consequently, Cook's first ground had been procedurally defaulted in the state courts and Cook has not established "cause" and "prejudice" to excuse the resulting federal bar to review of his first and second grounds.

*Lack of Merit:*

Alternatively, the warden argues that there is no merit to Cook's assertion of indictment insufficiency under *State v. Colon* due to the prospective application of its principle and that appellate counsel would have been raising a dubious claim at the time of the direct appeal.  First, as mentioned previously, the warden is correct about the prospective application of *State v. Colon*. Second,  appellate counsel cannot be faulted for not challenging the indictment because such a claim would be frivolous.

10

**The** indictment against Cook was not deficient.  The Stark County Prosecutor drafted the charge of burglary parroting the underlying statute, Ohio Rev. Code §2911.12 (A)(2) of trespass in an occupied structure "with purpose to commit in the habitation any criminal offense." (See Respondent's Ex. 1, ECF # 8-2).  The requisite mental state for burglary under §2911.12(A)(2) is "with purpose" or in other words "purposely."  See *State v. Worthy*, 2005 WL 2933401 ¶25-26, 2005-Ohio-5871 (Ohio App. Dist. 11); *State v. Smith*, 2005 WL 100791 ¶ 10-11, 2005-Ohio-162 (Ohio App. 9 Dist.); *State v. Straight*, 1998 WL 886951 at * 5-6 (Ohio App. 7 Dist.); *State v. Pollock*, 2003 WL 1904382 ¶¶ 4- 7, 2003-Ohio-2003 (Ohio App. 4 Dist.); *State v. Smith*, 2002 WL 1299769 ¶¶ 23- 26, 2002-Ohio-2886 (Ohio App. 1 Dist.); and see *State v. Goldick*, 2009 WL 1264276, 2009-Ohio-2177 (Ohio App. 2 Dist)(rejecting argument that *Colon* holding applies to aggravated burglary indictment which tracks the statute). The indictment included the appropriate *mens rea*, so appellate counsel had no claim to raise even if counsel had anticipated *State v. Colon*. Appellate counsel has no constitutional duty to raise every non-frivolous issue and certainly cannot be faulted for not raising a frivolous claim.  See *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Freels v. Hills,* 843 F.2d 958, 960-61 (6th Cir1988)(*Anders* procedure was created "to avoid the unseemly demand that appellate counsel pursue frivolous and non-meritorious claims.").

## *CONCLUSION AND RECOMMENDATION*

Federal review of this petition is foreclosed by procedural bar from the state courts' application of adequate and independent state procedural rules absent Cook's demonstration of

11

"cause and prejudice" to excuse the procedural default. Accordingly, Cook has not demonstrated that

he is in custody pursuant to a judgment of the state court which resulted in a decision that was

contrary to or involved an unreasonable application of Federal law as determined by the Supreme

Court of the United States or was the result of a decision based on an unreasonable interpretation

of the facts in light of the evidence in the State court proceeding.  See 28 U.S.C. §2254(d)(1) and

(2).  There has been no demonstrated need for an evidentiary hearing.  It is recommended that this

application for habeas corpus be denied.


                                       s/James S. Gallas

                           United States Magistrate Judge


*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within
ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES
the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d
947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: June 5, 2009