UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARCELLE COOK, ) | Case No.: 5:08 CV 2057 |
| ) | |
| Petitioner ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| MICHELE EBERLIN, WARDEN ) | |
| ) | |
| ) | |
| Respondent ) | <u>ORDER</u> |

## I. BACKGROUND

On August 26, 2008, Petitioner Anthony Marcelle Cook ("Petitioner" or "Cook") filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. ("Pet.," ECF No. 1.) After this court granted Petitioner's Motion to Amend Petition (ECF No. 4), Cook filed an Amended Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 ("Am. Pet.," ECF No. 5), which is currently pending before the court. Petitioner was sentenced to five years of incarceration after a jury found him guilty of burglary, in violation of Ohio Revised Code § 2911.12(A)(2).

On direct appeal, the appellate court rejected Cook's argument that the manifest weight of the evidence did not support his conviction. Petitioner did not pursue an appeal to the Ohio Supreme Court. He subsequently filed an motion to reopen the appeal, pursuant to Ohio Rule of Appellate Practice 26(B), which the appellate court denied.

In his Amended Petition, Petitioner asserts two grounds for relief:

(1) Petitioner was denied his full panoply of constitutional rights when state failed to satisfy its burden of proof by not including the *mens rea* element of crime charged; and

(2) Petitioner received ineffective assistance of appellate counsel where a subsequent change-in-law, substantially impacted the case, is not raised for review when basis has been formulated during pendency of review.

(Am. Pet. at 3-6.)

## II. REPORT AND RECOMMENDATION

The case was referred to Magistrate Judge James A. Gallas ("Magistrate Judge") for preparation of a Report and Recommendation ("R&R"). The Magistrate Judge issued his R&R (ECF No.13) on June 8, 2009, recommending that the court deny Cook's Amended Petition.[1] As a threshold matter, the Magistrate Judge found that, under the prison mailbox rule, Cook's Petition was deemed to be filed on August 24, 2008. Thus, the Magistrate Judge rejected Respondent's argument that Cook's Petition was untimely under § 2254(d)(1). (R&R at 2-5.)

Next, the Magistrate Judge concluded that both of Cook's grounds for habeas relief were procedurally defaulted.[2] Both of Cook's grounds for relief were raised in Cook's motion to reopen his

---

[1] The court notes that the case caption of Magistrate Judge James S. Gallas's Report and Recommendation ("R&R") in the instant action indicates that his R&R is "Regarding ECF #1," rather than ECF No. 5. Because the R&R carefully addresses Cook's arguments, which were contained in the Amended Petition, the court assumes the R&R's case caption is merely a typographical error.

[2] To determine whether a claim has been procedurally defaulted, the Sixth Circuit applies the four-part test set forth in *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986):

First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.... Second, the court must decide whether the state courts actually enforced the state procedural sanction.... Third, the court must decide whether the state procedural forfeiture is an "adequate and

- 2 -

appeal, pursuant to Ohio Rule of Appellate Practice 26(B). Cook's argument that he is entitled to relief is premised on *State v. Colon ("Colon I"),* 885 N.E.2d 917 (2008), wherein the Ohio Supreme Court held that, "when an indictment fails to charge a *mens rea* element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment." However, the Ohio Supreme Court in *State v. Colon ("Colon II"),* 893 N.E.2d 169, 170 (Ohio 2008), clarified on July 31, 2008 that its ruling in *Colon I* "is prospective in nature and applies only to those cases pending on the date *Colon I* was announced."

On August 4, 2008, the state appellate court rejected Cook's application to reopen his appeal as untimely and without good cause. (*Id.*, citing *State v. Cook,* 2008 WL 2971395). In the alternative, the appellate court also cursorily stated regarding the merits that, "[e]ven if we did consider a change in the law good cause for an untimely petition, any such change is not grounds for finding ineffective assistance of counsel. Counsel had no duty to anticipate a change in the law." (*Id.*)

In concluding that both Cook's grounds for habeas relief are procedurally defaulted, the Magistrate Judge first correctly found that, "[i]n this non-capital matter, Cook's failure to file his June 3, 2008 application to reopen within 90 days of the appellate decision without good cause to excuse the delay is an adequate and independent state rule for the state courts to deny review and forecloses federal habeas review." (R&R at 6) (citing, *e.g., Parker v. Bagley*, 543 F.3d 859, 862 (6th Cir. 2008)).

> independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.... [Fourth] Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate ... that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

(Footnotes and citations omitted).

- 3 -

The Magistrate Judge rejected Cook's argument that the appellate court did not actually enforce the state procedural sanction because, in addition to its holding that Cook's motion to reopen was untimely, the appellate court also cursorily ruled on the merits of Cook's claim. As the Magistrate Judge correctly recognized:

> "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Girts v. Yanai*, 501 F.3d 743, 753 (6th Cir. 2007) (quoting *Harris v. Reed,* 489 U.S. 255, 263 (1989). When the state court alternatively rules on the merits, the claim remains procedurally defaulted and federal habeas review is barred because "a state court need not fear reaching the merits of a federal claim in an alternative holding." *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. 2003) (quoting *Harris,* 489 U.S. at 264).

(R&R at 7.) Applying this rule, the Magistrate Judge correctly found that, "[t]he state court did 'clearly and expressly' rely on untimeliness and lack of good cause, so the alternate holding on the merits does not serve as grounds for federal reexamination of the issues." (*Id.*) Accordingly, the Magistrate Judge concluded that both of Cook's claims for relief are procedurally defaulted. (*Id.*)

Additionally, the Magistrate Judge rejected Cook's argument that the "novelty "of his claim constitutes cause to excuse his procedural default. The Magistrate Judge based this conclusion on the Supreme Court's holding in *Reed v. Ross,* 468 U.S. 1, 17 (1984), which limited novelty to those situations where "this Court has articulated a constitutional principle that had not been previously recognized but which is held to have retroactive application." (R&R at 8.) The Magistrate Judge concluded that Cook's claim was not permissible under *Reed* because *Colon I* does not involve a federal constitutional principle, and in any event, the *Colon II* court held that the rule does not have retroactive application. (*Id.* at 8-9.) Finally, the Magistrate Judge found, in the alternative, that Cook's arguments fail on the merits because *Colon I* is not retroactive, and even if it was, appellate counsel

- 4 -

had no colorable claim to raise regarding the indictment because it included the appropriate *mens rea*. (R&R at 9-10.)

### III. THE COURT'S FINDINGS

As of the date of this Order, Petitioner has not filed objections to the R&R. By failing to do so, he has waived the right to appeal the Magistrate Judge's R&R. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). Furthermore, the court finds, after careful review of the Magistrate Judge's R&R and all other relevant documents, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's R&R.

### IV. CONCLUSION

The court hereby dismisses Cook's Amended Petition for Habeas Corpus (ECF No. 5). The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

July 29, 2009